**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James BEAL, Defendant–Appellant.**

**No. 02–1363.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District Judge.*

### ORDER

James Beal appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

In May 2001, Beal pleaded guilty to four counts of assaulting federal employees in violation of 18 U.S.C. § 111(a)(1). The district court concluded that Beal's conduct significantly disrupted a government function (USSG § 5K2.7) and that his conduct was unusually degrading to his victims (USSG § 5K2.8), and it departed upward from the recommended guidelines range by one level under each section. The court sentenced Beal to a total of sixteen months of imprisonment.

Beal has filed a timely appeal, arguing that his actions did not warrant an upward departure for "unusually degrading" conduct.

Upon review, we conclude that the district court properly concluded that Beal's actions warranted a departure for unusually degrading conduct. Courts of appeal review for abuse of discretion a district court's decision to depart upward from the applicable sentencing guideline range. *See Koon v. United States*, 518 U.S. 81, 82, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Cross*, 121 F.3d 234, 238 (6th Cir.1997). Section 5K2.8 of the guidelines provides, in pertinent part, that an upward departure may be appropriate if the offense conduct was "unusually heinous, cruel, brutal, or degrading to the victim . . . ." Examples of such conduct include "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." *See* USSG § 5K2.8. However, the plain language of § 5K2.8 makes clear that conduct may be extreme even if it is not a guideline example. *See United States v. Paster*, 173 F.3d 206, 217–18 (3rd Cir.1999).

█ Beal's decision to throw feces on his victims warranted a one-point upward departure for unusually degrading conduct towards his victims. After being fired

from the Post Office, Beal doused four female employees with a liquid mixture containing animal feces, worms, bacteria, amoeba, and other parasites. The women's clothes were saturated with the mixture, and it also made contact with their skin. Prior to dousing the women with the mixture, Beal stated, "If they're gonna shit on me, I'll shit on them." Beal also admitted that he did not view the victims as women, but as "urchins" who "deserved" what he did to them. The district court properly concluded that this conduct is consistent with conduct in other cases upholding upward departures for urinating on carjacking victims and verbally badgering and insulting telemarketing agents. *See, e.g., United States v. Singleton,* 49 F.3d 129, 133 (5th Cir.1995) (court concluded that urinating on carjacking victims was unusually degrading); *United States v. Davis,* 170 F.3d 617, 623 (6th Cir.1999) (court concluded that verbally badgering and insulting telemarketing agents was unusually degrading).

■ The district court's decision to depart upward is also supported by the victims' testimony concerning Beal's attack. One victim (Raz) described Beal's attack as "vicious" and "despicable." She stated that it was horrifying "beyond description." Another victim (Lehmann) testified that, after Beal threw feces on the victims, they had to wait for the authorities to arrive without being able to clean themselves or to change their clothing. She stated that the experience was "absolutely revolting and disgusting," and that she would be disturbed by the attack for many years to come. These statements clearly reflect the humiliating nature of the attack, and support the district court's conclusion that Beal's conduct was unusually degrading towards his victims.

■ Nonetheless, even if we were to conclude that the district court erred when it departed upward, the error was harmless because Beal's sentence would have been the same even without the § 5K2.8 departure. *See Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). In this case, the district court departed based both on § 5K2.7 and § 5K2.8. Reliance upon only the § 5K2.7 departure would have placed Beal's offense level at 12, and reliance upon both departures would have placed Beal's offense level at 13. Beal's sentence of 16 months falls within the range of both an offense level of 12 (10–16 months) and an offense level of 13 (12–18 months). Moreover, the district court made it clear that based on the nature of the offense and Beal's clear lack of remorse that it intended to sentence Beal at the high end of his sentencing range.

Accordingly, we affirm the district court's judgment.